

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD MCGURN, | Case No.:  24cv0942-LL-DEB |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| PALOMAR COLLEGE and LOCAL C.C.E. UNIOUN, | |
| Defendants. | |

This matter comes before the Court on review of the docket. On May 30, 2024, Plaintiff Todd McGurn filed a complaint against Defendants Palomar Community College District (erroneously sued as Palomar College) and Local C.C.E. Unioun, along with motions for leave to proceed in forma pauperis ("IFP") and for court-appointed counsel. ECF Nos. 1, 2, 3. On July 2, 2024, the Court granted Plaintiff's motion for IFP, denied the motion for court-appointed counsel, and dismissed the complaint under Federal Rule of Civil Procedure 8 with thirty days to file a first amended complaint. ECF No. 5. On August 2, 2024, Plaintiff filed what he captions as a "Notice of Intent to File Amended Civil Complaint." ECF No. 6, at 1. He alleges that Defendant Palomar Community College District employed him as a Senior Groundskeeper in 2005. *Id*. at 2. He further alleges that over the years Defendants violated his civil rights by discriminating against him due to his

age and disability, including denying him promotions, class recertifications, and proper gear. *Id*. at 1–5. He also alleges that Defendant Palomar Community College District wrongfully terminated him due to his age and disability. *Id*. Finally, Plaintiff attaches a letter from the U.S. Equal Employment Opportunity Commission, dismissing his charge but stating that Plaintiff may "choose to file a lawsuit" in "federal *or state court*." *Id*. at 6 (emphasis added).

On August 2, 2024, the Court docketed a Summons for Plaintiff to serve his "Notice of Intent to File Amended Civil Complaint" on Defendants per Federal Rule of Civil Procedure 4 and Civil Local Rule 4.1. ECF No. 7. On October 7, 2024, Plaintiff returned the Summons, with a processor declaring to have served an individual authorized to accept service of process on behalf of both Defendants. ECF No. 8.

On October 10, 2024, Defendant Palomar Community College District filed a motion to dismiss Plaintiff's "Notice of Intent to File Amended Civil Complaint" under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 8. ECF No. 9. Defendant Palomar Community College District argues that this Court lacks subject-matter jurisdiction over Plaintiff's purported complaint since it, as a California community college, is a state entity that enjoys Eleventh Amendment immunity from suit in federal court. ECF No. 9-1, at 6; *see also Cerrato v. San Francisco Cmty. Coll. Dist*., 26 F.3d 968, 972 (9th Cir. 1994) ("[T]he Eleventh Amendment bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state. We have held that community college districts are dependent instrumentalities of the state of California. Accordingly, we lack jurisdiction to hear [the plaintiff's] claims against the [defendant] district." (citations omitted)).

Plaintiff has not timely opposed Defendant Palomar Community College District's motion to dismiss, which the Court may treat as grounds for dismissal. *See Polesky v. Morrison*, 385 Fed. Appx. 684, 686 (9th Cir. 2010) (affirming the district court's dismissal when the plaintiff failed to respond to the state-government's motion to dismiss).

Accordingly, by **<u>December 23, 2024</u>**, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this matter should not be dismissed without prejudice for failure to

prosecute. This should include an explanation as to whether Plaintiff meant for his "Notice of Intent to File Amended Civil Complaint" to be his actual First Amended Complaint. It should also explain whether or not he opposes Defendant Palomar Community College District's motion to dismiss for lack of subject-matter jurisdiction, meaning that this Court would dismiss this federal action without prejudice, allowing Plaintiff to then refile his complaint in the appropriate state court.

By **December 23, 2024**, Defendant Palomar Community College District is also **ORDERED TO SHOW CAUSE** in writing whether it properly received service of the summons and purported complaint on behalf of Defendant Local C.C.E. Unioun. If it declares that the answer is Yes, it should explain why it should be allowed to have Defendant Local C.C.E. Unioun join in its motion to dismiss.

If Defendant Palomar Community College District declares that the answer is No, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by **December 27, 2024**, why the answer is Yes and/or why this federal action against Defendant Local C.C.E. Unioun should not be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff's failure to timely respond to this order will result in a dismissal without prejudice of this federal action.

**IT IS SO ORDERED.**

Dated:  December 18, 2024

Honorable Linda Lopez
United States District Judge

3

24cv0942-LL-DEB